Pennington, J.
— The question for the consideration of this court is simply — whether, under the act of 1758, a person coming from another colony into this, and residing here several years, and paying a poor tax for one year, without giving notice to the overseers of the poor, [*] according to the provisions of that act, gained a settlement, in the town where he resided and paid a poor tax. There is no question but that the residence and paying a poor tax is sufficient, had notice been given. The controversy, therefore, arises on the want of notice. The act of 1758, after pointing out the manner of obtaining a settlement, by persons coming into the colony, among which is that of one year’s residence and paying a poor tax, has the following proviso: “ Pro *119 vided always, that the following terms and conditions shall be observed and fully performed; in failure whereof, no person or persons whatsoever, (except as before excepted) shall be deemed and esteemed to have obtained a legal settlement in any such place or places: That is to say, all and every such person and persons, shall within ten days after his, her or their coming into such city, town corporate, township or precinct, give notice in writing of the house and place where he, she or they, do live or abide, and the number of his or her family, if any he or she hath, to one of the overseers of the poor, of the said city, town corporate, township or precinct into which he, she or they shall come as aforesaid.” The exception in this proviso does not, in my opinion, any way touch the question, being in favor of mariners, and other healthy persons arriving in any vessel from beyond the sea, lading or unlading in any port of the colony. It is contended by the counsel on the part of the township of Stafford, that notwithstanding the before mentioned proviso, yet that no notice is necessary; as a strict adherence to the letter of the act, would defeat the liberal intention of the Legislature.
It is true, that courts of justice in construing statutes, have from necessity, been compelled, in certain cases, to depart from the strict letter of the act, in order to carry the intention of the Legislature into effect, by an adherence to the equity and spirit of the law, that the plain and manifest intention of the Legislature should not be defeated, by a scrupulous observance of the letter of the statute. In seeking for the meaning and intention [*] of the Legislature in requiring notice to the overseers of the poor, we need not go farther than the preamble to the act, which declares that the former poor laws have not proved effectual for the good [94] purposes for which they were intended, nor sufficiently securing the inhabitants of the colony from being oppressed with great charges, arising by idleand disorderly persons coming from the neighboring *120 provinces into the colony, and concealing themselves in the several townshij>s thereof, until they have either gained a settlement, or become so sick and infirm that they cannot be removed; for the more effectual remedy of these inconveniences, the law was passed, which after determining on what acts should obtain to a person coming into the colony, a settlement, goes on to provide that even these acts shall not be deemed and esteemed sufficient, unless notice in writing be given to the overseer of the poor, where such person resides, of the place of his abode and the number of his family ; let me ask, for what purpose was this notice to be given ? The plain answer is, to enable the overseers of the poor to take care that persons likely to become chargeable to the town, should not gain a settlement; for in the same section, there is further provision for the removing, on the complaint of the overseers of the poor, any such person within one year after such notice given, in case the justice' shall adjudge such person likely to become chargeable to the town. It was truly observed by the counsel for Northampton, that this is a matter' of positive regulation; the Legislature, therefore, fixed such terms and conditions as it thought wise and proper; and that these terms and conditions are introduced into the law, by way of proviso, make no difference. We are, however told by the counsel for Stafford, that even if notice is necessary, that this hath been given, for that the payment of a poor tax is notice. It appears to me, that in cases where a written notice is required to be delivered, that you cannot set up a constructive one; nor can I clearly perceive how paying a poor tax to a town collector, is notice to an overseer of the poor. It is also said, on the [*] part of Stafford, that the court will presume notice. Presumptions cannot be raised to contradict facts admitted; the case states that no notice was given. We are informed, from the same source, that former adjudications of this court on this question, have considered notice unnecessary; as we have no reports of *121 adjudicated cases in this court, it is difficult to know what hath been adjudged, especially for any length of time back; to depend on the memory of gentlemen, however intelligent and respectable, is not so satisfactory as to read the reports, with the reasons, and state of the case. Before I should undertake to decide a case, on the authority of former adjudications of this court, against what I conceived to be the plain provisions of an act of the Legislature, I should be desirous to learn the reasons on which the [95] decision was founded. The short acquaintance which I have with the adjudications in this court, is not only an inconvenience to myself, but I greatly fear, injurious to the suitors of the court, particularly on subjects growing out of our local regulations. But I cannot reconcile to my mind, a blind submission to adjudication, the reasons and principles of which, I am not informed, or cannot comprehend or understand. On the whole, I am of opinion that the order of removal be quashed.
By the Court. — Both orders must be quashed.